IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| | : | |
| ADELPHIA COMMUNICATIONS | : | CASE: 02-41729 (Bankr. S.D.N.Y.) |
| CORPORATION | : | |
|     DEBTOR | : | |
| | : | |
| LOUIS PAGNOTTI, INC., CHARLES E. | : | |
| PARENTE, SR., CHARLES E. PARENTE, | : | |
| JR., BRIAN PARENTE, MARLA | : | |
| PARENTE SGARLAT and JOHN | : | |
| PARENTE t/a BRYNFAN ASSOCIATES, | : | |
| a Florida General Partnership, | : | |
|     PLAINTIFFS | : | |
| | : | |
|     v. | : | |
| | : | |
| DELOITTE & TOUCH, LLP | : | |
|     Defendant/Third-Party Plaintiff | : | |
| | : | |
|     v. | : | {**Nature of Proceeding**: Plaintiffs' |
| | : | Motion for Remand or, in the |
| JOHN RIGAS, TIMOTHY RIGAS, | : | Alternative, Abstention (Doc. 11A)} |
| MICHAEL RIGAS and JAMES RIGAS | : | |
|     Third Party Defendants | : | ADVERSARY NO.: 5-04-ap-50003 |

# **OPINION**[1]

Currently before this Court is Plaintiffs' *Motion for Remand or, in the Alternative, Abstention*. After reviewing the issues, the Court grants Plaintiffs' Motion.

### BACKGROUND

The above-referenced Plaintiffs filed a complaint in the Court of Common Pleas of Luzerne County, Pennsylvania, against Deloitte & Touche LLP asserting claims for damages under a number of legal theories based on their investment in Adelphia Communication Corp.

---

[1] Drafted with the assistance of Wendy E. Morris, Law Clerk.

("Adelphia").

On December 5, 2003, Deloitte & Touche filed a third party complaint against John Rigas, Timothy Rigas, Michael Rigas, and James Rigas ("Rigases") alleging that, in the event liability to the Plaintiffs' exists, the Rigases are primarily liable and it would be entitled to contribution from the Rigases for any damage award.

On January 6, 2004, the Rigases filed a *Notice of Removal* ("Notice") to this Court pursuant to 28 U.S.C. §§ 1334(b), 1446 and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure.[2] See Doc. 1A. With regard to this Court's jurisdiction, the Rigases alleged the following in paragraph six (6) of its Notice:

> This Court has original jurisdiction over this matter under 28 U.S.C. 1334(b), and this action may be removed to this Court by the Rigases pursuant to 28 U.S.C. § 1452(a), because this lawsuit is "related to" a case under Title 11, namely Adelphia's pending bankruptcy proceeding. The factual and legal issues underlying this case are related to the factual and legal issues to be adjudicated in the Adelphia bankruptcy action. In addition, the Rigases may have rights to indemnification and contribution by Adelphia in the event a judgment is entered against them in this action; as a result, this action could have an effect on the bankruptcy estate. Upon information and belief, Plaintiffs' claims against Deloitte in this case could likewise have an effect on the bankruptcy estate.

See Doc. 1A at 3, ¶6. Several additional documents were attached to the Notice.

Plaintiffs filed its *Plaintiffs' Motion for Remand or, in the Alternative, Abstention* on January 16, 2004. According to Plaintiffs, the present matter should be remanded back to state court based on equitable grounds and a lack of federal bankruptcy jurisdiction. In the event jurisdiction is proper, this Court should exercise discretionary abstention and permit the state court to resolve the matter. Plaintiffs also advanced the position that the Notice did not contain

---

[2] Unless noted otherwise, all references to statutory provisions within this opinion pertain to Title 28 of the United States Code and all rule notations pertain to the Federal Rules of Bankruptcy Procedure.

copies of "all process and pleadings" as required under Rule 9027.

The Rigases' filed their *Additional Defendants' Objection to Plaintiffs' Motion for Remand or, in the Alternative, Abstention* on February 9, 2004.  See Doc. 24A.  In it, they proffer three (3) arguments supporting their claim that jurisdiction is proper:  (1) "related to" jurisdiction is proper when the claims at issue could conceivably impact the estate and its' administration; (2) claims involved in this action could conceivably have an impact on Adelphia's bankruptcy given the Rigases' indemnity or contribution claims against Adelphia; and (3) Plaintiffs' arguments in support of remand lack merit.  They also maintain that they satisfied Rule 9027 by only attaching those pleadings relevant to the removal.

An expedited hearing was held on February 12, 2004 whereby counsel for the Plaintiffs, the Rigases, and Deloitte & Touche elected to present oral argument in lieu of offering testimonial evidence.  During oral argument, the Rigases' counsel presented three (3) additional bases and supporting facts for the existence of "related to" jurisdiction:  (1) shared insurance coverage between Adelphia and the Rigases; (2) similar claims asserted by Adelphia against the Rigases in the bankruptcy proceeding; and (3) prior rulings of Bankruptcy Judge Robert E. Gerber (S.D.N.Y.) demonstrating the need to manage and coordinate complicated discovery issues in related proceedings.

Plaintiffs voiced an objection to the introduction of these new jurisdictional arguments.  After the Court repeatedly voiced its concern over the Rigases' failure to formally submit such arguments to the Court in written form, counsel for the Rigases indicated an intention to file a supplement with the Court outlining these arguments and the alleged facts relied upon.  After argument, the matter was taken under advisement.

The Rigases filed a *Supplemental Submission in Support of Additional Defendants John Rigas, Timothy Rigas, Michael Rigas and James Rigas' Objections to Plaintiffs' Motion for Remand or, in the Alternative, Abstention* on February 19, 2004. See Doc. 27A. The document contained a number of attachments in support of the various factual allegations voiced during the argument. It also contained a copy of the answer Deloitte & Touche filed in response to Plaintiffs' complaint.

Plaintiffs filed their response on February 26, 2004, which reiterated their objection to the Rigases' amendment of the Notice by alleging new and independent jurisdictional grounds during the argument. See Docs. 28A. Plaintiffs also addressed the validity of these new grounds in their response.

Before this Court could issue its decision, the Judicial Panel on Multidistrict Litigation ("JPML") issued a conditional order on February 26, 2004 that transferred the present action to District Court Judge Lawrence M. McKenna in the Southern District of New York. See Doc. 31A.

On March 15, 2004, a notice of opposition to the conditional transfer order was filed with the JPML. See Doc. 36A. Such notice stayed the transfer order and continued this Court's jurisdiction to adjudicate this matter. See Doc. 31A at 2.

## DISCUSSION

Before this Court addresses the substantive issues surrounding the motion to remand, a determination of the evidentiary boundaries surrounding the present matter must be resolved.

Rule 43(e) of the Federal Rules of Civil Procedure, as adopted under Rule 9017 states:

When a motion is based on facts not appearing of record the court may hear the

> matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition.

Fed. R. Civ. Pro. 43(e).

This Court has been presented with various documents in the form of a motion, objections, and supplemental submissions from both the Plaintiffs and the Rigases. There is no evidentiary record regarding disputed facts. For the most part, the aforesaid documents allege facts not supported on the record. Although these documents were accompanied by a plethora of supporting exhibits, each lacks any form of supporting affidavit, oral testimony or deposition. Neither did the parties request the Court to take judicial notice of any facts associated with the various exhibits during the argument. Although a trial court has discretion in the manner in which motions are conducted, the contents of the various exhibits were never properly submitted to the Court or admitted into the record. These exhibits represent nothing more than inadmissible evidence that this Court will not rely upon in its adjudication of the pending motion. The Court is, therefore, left with a record lacking in evidence, aside from some sparse admissions during the argument, and counsels' arguments to aid in its decision.

Turning to the pending substantive issues, the procedures for removing a state court action to a federal court are embodied in Chapter 89 of Title 28 of the United States Code. Courts should view the technical requirements of these statutes as procedural and not jurisdictional. See e.g. Mackay v. Unita Development Co., 229 U.S. 173, 176 (1913). The general provision pertaining to removing claims related to bankruptcy cases is found in § 1452, which in relevant part provides:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district has jurisdiction to such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a); but see Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 129 (1995)("There is no express indication in § 1452 that Congress intended that to be the exclusive provision governing removals and remands in bankruptcy.").

This Court is obligated to strictly construe the removal statutes and resolve any doubts as to the propriety of removal in favor of remand. See U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 396 (3d Cir. 2002); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Mason v. IBM, Inc., 543 F.Supp. 444, 445 (M.D.N.C. 1982)("Removal of civil cases to federal court is an infringement on state sovereignty"). Section 1452(b) permits a court to remand a removed claim or cause of action on any equitable ground.

Rule 9027 outlines the proper procedures for removing a cause of action to a bankruptcy court. Rule 9027 is similar to § 1446 of Title 28, which dictates the procedure for removing a case from state court to a district court. See H.J. Rowe, Inc. v. SEA Prod., Inc., 221 B.R. 214, 218 (Bankr. N.D. Il. 1998). As in § 1446(a), Rule 9027(a) requires the filing of a notice of removal along with copies of all processes and pleadings.[3] For state actions commenced post-petition, the removal notice must be filed within thirty (30) days after receipt of either the complaint through service, or the initial pleading with the summons. See Fed. R. Bankr. Pro. 9027(a)(3); compare 28 U.S.C. § 1446(b). While the Third Circuit Court has not addressed the question of the time period allotted for amendment of removal notices with respect to Rule 9027(a)(3), it has held that such notices are freely amendable within the thirty (30) day filing period under § 1446(b). See USX Corp. v. Adriatic Insur. Co., 345 F.3d 190, 206 n.13 (3d

---

[3] Although § 1446(a) and Rule 9027(a) are more similar than different, Rule 9027(a) requires "copies of all process and pleadings" to accompany the notice whereas § 1446(a) only requires copies of "all process, pleadings, and orders served upon the defendant" in the state proceeding.

Cir. 2003)(relying on Shaw v. Dow Brands, Inc., 994 F.2d 364, 368 (7th Cir. 1993)).[4]

In addition to Plaintiffs' arguments in support of remand, they also argue that the Rigases' introduction of three (3) new independent grounds for federal jurisdiction during oral argument was an improper expansion of the jurisdictional allegations in the Notice. After reviewing controlling law within this Circuit, this Court is inclined to agree.

Section 1653 permits amendments of defective allegations of jurisdiction in the trial court. The Third Circuit Court has held, with respect to Rule 9027(a)(3)'s counterpart—§ 1446(b)—that § 1653 "may be invoked to permit an amendment only after the expiration of the 30-day period within which an action may be removed." USX Corp., 345 F.3d at 206 n.13. However, this right extends only to amending "incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989); see also USX Corp., 345 F.3d at 204. Absent any statutory conflict, this same rationale is applicable in bankruptcy proceedings.

In their Notice, the Rigases put forth two (2) bases for "related to" jurisdiction: (1) the relationship of the facts and legal issues between the present case and Adelphia's bankruptcy case; and (2) that the Rigases may have resulting indemnification and contribution rights against Adelphia in the event Plaintiffs are successful. These allegations are consistent with their position in their filed response to Plaintiffs' remand motion. However, the additional jurisdictional reasons asserted during the argument were based on a new set of jurisdictional facts and sought this Court's reliance on jurisdictional allegations that were different from what they

---

[4] The Court notes that, like Rule 9027(a)(3), nothing in § 1446(b) specifically dictates that a removal notice can be freely amended during the 30 day filing period. Moreover, nothing within the provision addresses the issue of amending removal notices.

originally alleged in the Notice.

In the aforesaid <u>USX Corp.</u>, the defendant alleged that as a "foreign state," federal jurisdiction existed under § 1603. <u>See</u> 345 F.3d at 203. Sometime after, the plaintiff filed a motion to remand the case based on improper jurisdiction, the defendant amended the jurisdictional allegation in its' removal notice. <u>See id.</u> at 203-04. Relying on § 1653, the district court deemed the jurisdictional requirement amended and denied the motion to remand. <u>See id.</u> On appeal, the Third Circuit Court found that the jurisdictional amendment did not attempt to either add new facts to which jurisdiction was originally based or present a completely new basis for finding proper jurisdiction. <u>See id.</u> at 204-206. The defendant's amendment merely sought to clarify its originally jurisdictional basis and, thus, the amendment was allowed. <u>See id.</u> at 204.

Unlike the defendant in <u>USX Corp.</u>, the Rigases' presentation of three (3) completely different jurisdictional bases during the argument cannot be interpreted as a clarification of its' original claim that "related to" jurisdiction is based on either the possibility of a right to indemnification or contribution against Adelphia or the alleged corresponding relationship between the factual and legal issues underlying this case and Adelphia's bankruptcy proceeding. This Court therefore sustains Plaintiffs' objection to the Rigases' amendment to the jurisdictional allegations in its Notice. The Rigases' arguments associated with those bases will be disregarded.

Plaintiffs pose several arguments in support of remand—one of which focuses on what they perceive as fatal defects in the Rigases' notice of removal. Plaintiffs argue that the notice of removal filed with the Court did not contain copies of all processes and pleadings from the state court proceeding. They rely on cases that adopt a strict and narrow interpretation of the removal

process.  See U-Haul Int'l, Inc. v. Gross Metal Prod., Inc. (In re Gross Metal Prod.), No. 97-30376DAS, 1997 Bankr. LEXIS 2041 (Bankr. E.D. Pa. 1997); Careertrack Seminars, Inc. v. Lomasney, 150 B.R. 257 (D. Colo. 1992); Cordes v. Continental Holdings, Inc. (In re Continental Holdings, Inc.), 158 B.R. 442 (Bankr. N.D. Ohio 1993).

Aside from the cases Plaintiffs rely upon, there is little guidance concerning the applicable standard a court should use to measure a party's compliance with the procedures for removal from state court to a bankruptcy court.  Some Circuit Courts have addressed the issue of a defendant's failure to file state court documents with the notice when attempting to remove a state action to a district court under § 1446.  See e.g. Peterson v. BMI Refactories, 124 F.3d 1386, 1393 (11th Cir. 1997); Shaw v. Dow Brands, Inc., 994 F.2d 364 (7th Cir. 1993); Gafford v. General Elec. Co., 997 F.2d 150 (6th Cir. 1993); Covington v. Indemnity Ins. Co. of N. Amer., 251 F.2d 930, 933 (5th Cir. 1958).  Those cases embrace the position that the presence of curable procedural defects in the notice of removal does not affect the right to remove.  A number of bankruptcy courts have adopted this line of reasoning.  See e.g. Covanta Onondaga Ltd. v. Onondaga County Resource Agency, 281 B.R. 809, 813 (N.D.N.Y. 2002); Bancboston Real Estate Capital Corp. v. JBI Assoc. Ltd. Partnership (In re Jackson Brook Inst., Inc.), 227 B.R. 569, 586 (D. Me. 1998);  H.J. Rowe, Inc. v. SEA Products, Inc. (In re Talon Holdings, Inc.), 221 B.R. 214, 218-219 (Bankr. N.D. Ill. 1998); Crockett v. Klober (In re Klober), 142 B.R. 300, 301 (Bankr. E.D. Ark. 1992); Citicorp Sav. of Ill. v. Chapman (In re Chapman), 132 B.R. 153, 156 (Bankr. N.D. Ill. 1991); Princess Louise Corp. v. Pacific Lighting Leasing Co. (In re Princess Louise Corp.), 77 B.R. 766, 768-69 (Bankr. C.D. Cal. 1987).

This Court is inclined to follow this line of analysis.  The Rigases' alleged failure to file

copies of all process and pleadings does not, in and of itself, warrant remand. In the event additional documents from the state court proceeding is necessary, this Court can order the Rigases under Rule 9027(e)(2) to provide any additional documents relating to the claim. However, a determination of whether such an order is necessary is premature in light of the question of whether this Court properly has jurisdiction over the removed matter.

Section 1334 outlines the jurisdictional basis for removal under § 1452(a). Section 1334 gives district courts "original and exclusive jurisdiction over all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." See 28 U.S.C. § 1334(a) & (b). District courts have the ability to refer bankruptcy cases to bankruptcy judges, within the district, for disposition. See 28 U.S.C. § 157(a); M.D. Pa. Standing Order Misc. 84-0203. Section 157(b)(1) allows bankruptcy judges to hear and enter final orders in all core proceedings—cases under Title 11 or arising under Title 11—referred by the district court. Non-core proceedings concern matters that neither arise under or in Title 11 but, nonetheless relate to cases under Title 11. See 28 U.S.C. § 157(c)(1).

Although Congress does not define what a core proceeding is, the Third Circuit Court outlined a two step analysis in Halper. See Halper v. Halper, 164 F.3d 830 (3d Cir.1999). First, a court must review § 157(b)(2) and determine if the proceeding at issue falls under any of the illustrative examples delineated therein. See id. at 836; 28 U.S.C. § 157(b)(2). If not, the court must determine if the proceeding "[1] invokes a substantive right provided by title 11 or [2] if the proceeding, that by its nature, could arise only in the context of a bankruptcy case." Halper, 164 F.3d at 836.

Non-core proceedings, however, concern matters that do not arise under Title 11 but are

nevertheless "related to" a bankruptcy case. If the proceeding "does not involve a substantive right created by the bankruptcy laws and would exist outside of bankruptcy, it is a non-core proceeding even though it may be related to bankruptcy." Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 885 F.2d 1149, 1157 n. 9 (3d Cir.1989)(citing Matter of Wood, 825 F.2d 90, 97 (5th Cir.1987)). "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Halper, 164 F.3d at 837 (emphasis added) (citation omitted).

The Rigases advanced two reasons in the Notice as to why this Court possesses "related to" jurisdiction over the present matter. Yet after reviewing the evidence admitted into the record from the argument, I find the existence of such jurisdiction lacking. In particular, the Rigases admit that they have not filed a claim against Adelphia's bankruptcy estate based on an alleged right to indemnification or contribution under its' bylaws. The filing of such a claim against Adelphia's estate would have afforded them the comforts of the bankruptcy courts' equitable powers. See e.g. Phico Group, Inc. v. Persofsky (In re Phico Group, Inc.), 304 B.R. 170 (Bankr. M.D. Pa. 2003)(Bankruptcy court's jurisdiction over defendant's non-core cause of action based on contractual obligations was created by his voluntary act of filing a proof of claim). Even so, they maintain that the nexus for "related to" jurisdiction still exists so long as their right to file such a claim by the claims bar date has not expired. Interestingly enough, the Rigases fail to cite any case law supporting this position and this Court's research has revealed none. The Court is not persuaded by this novel interpretation of bankruptcy jurisprudence.

The Rigases cite a number of cases supporting their position that an individual's

contractual right to indemnification from a debtor in bankruptcy creates the link necessary to invoke "related to" jurisdiction. This Court is well aware of the analysis utilized in these opinions and finds no fault with their reasoning. They may have even cemented the Rigases' position if it was not for the fact that the alleged indemnification agreement was never properly submitted into the record. There is not any evidence before this Court evidencing the Rigases' so-called right to indemnification from Adelphia. The Rigases' arguments fail to convince this Court that its jurisdiction over the present case is proper.

Furthermore, the record fails to support the Rigases' contention that a similarity exists between the facts and legal issues in the Plaintiff's state action and Adelphia's bankruptcy proceeding.

This Court finds that its jurisdiction under § 1334 is lacking and removal to this Court based on claims allegedly related to Adelphia's bankruptcy case was improper under § 1452. As such, the present cause of action is remanded back to the Court of Common Pleas of Luzerne County, Pennsylvania.

An Order will follow.

Date: May 26, 2004

John J. Thomas, Bankruptcy Judge

(CMS)

*This electronic opinion is signed and filed on the same date.*